IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT S. DAIL, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-3728 |
| | § | |
| WARDEN HERRERA, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER OF DISMISSAL**

Robert S. Dail, a state inmate proceeding *pro se*, challenges his disciplinary conviction under section 2254. Petitioner reports that he was convicted of a prison disciplinary infraction for threatening an officer and punished with fifteen days' solitary confinement, loss of recreation and commissary privileges, and reduction in line class. He states that his administrative appeals were denied.

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when a disciplinary action results in a sanction that will impinge upon a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484–87 (1995). Petitioner does not have a protected liberty interest regarding his sanctions for fifteen days' solitary confinement or loss of recreation and commissary privileges. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Nor does he have a protected liberty interest in his prison custodial classification or in his good time earning status. *See Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). In Texas, only sanctions that

result in the loss of accrued good time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, impinge upon a protected liberty interest. *Id*. at 957–58; *see also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Petitioner acknowledges that he is not eligible for mandatory supervised release, and that he did not lose any accrued good time credit. Accordingly, his disciplinary conviction affords him no basis for habeas relief as his allegations fail to raise a cognizable federal constitutional claim.

Petitioner's habeas petition is DENIED and this case is DISMISSED WITH PREJUDICE for failure to state a cognizable habeas claim. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on December 23, 2013.

_____
Gray H. Miller
United States District Judge